# Exhibit 1

## <u>CLASS ACTION SETTLEMENT AGREEMENT WITH HARBORONE BANK</u>

This Settlement Agreement and Release ("Agreement")[1] is made and entered into by and among (1) Plaintiff Rita Meaden, individually and on behalf of the Settlement Class, and (2) HarborOne Bank, subject to Preliminary Approval and Final Approval as required by the Federal Rules of Civil Procedure. As provided herein, Plaintiff, Class Counsel and HarborOne Bank hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Order and Judgment, the claims of the Settlement Class against HarborOne Bank shall be settled and compromised upon the terms and conditions contained herein without any admission of liability by HarborOne Bank.

## I.   <u>Recitals</u>

1.       On June 22, 2022, Plaintiff filed a Complaint in Suffolk County Superior Court arising from HarborOne Bank's alleged practice of charging Multiple Fees, including NSF Fees and OD Fees, on a single item. The Complaint alleged claims for breach of contract and breach of the covenant of good faith and fair dealing. Concurrently, Plaintiff sent a demand letter pursuant to M.G.L. c. 93A arising from the same alleged practices.

2.       In response to the demand letter and prior to responding to the Complaint, the Parties' counsel discussed the possibility of settlement. A mediation was scheduled for November 29, 2022. In advance of the mediation, HarborOne Bank provided Plaintiff's counsel with certain aggregate and transactional data to allow the Parties to analyze potential classwide damages under Plaintiff's theory of liability. Plaintiff engaged an expert consultant to review the transactional data and analyze estimated damages at issue for the putative class.

---

[1] All capitalized terms herein have the same meanings as given to them in Section II below.

3.      The Parties attended a mediation virtually before the Hon. Margaret R. Hinkle (Ret.).   Following that mediation, the Parties agreed to settle this class action lawsuit.   This Settlement is the product of mediation with Judge Hinkle

4.      Within seven (7) days of the date of the last Party's signature of this Settlement Agreement, Plaintiff shall file a notice of dismissal in Suffolk County and re-file the Action in the United States District Court for the District of Massachusetts.   A copy of the to-be-filed federal complaint is attached as Exhibit A.

5.      The Parties now agree to settle the Action in its entirety, as pled in the Plaintiff's federal complaint, without any admission of liability, with respect to all Released Claims of the Releasing Parties.   The Parties intend this Agreement to bind Plaintiff, HarborOne Bank, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows:

**II.      Definitions**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

6.      "Account" means any consumer deposit account maintained by HarborOne Bank.

7.      "Action" means *Meaden v. HarborOne Bank*, pending in the United States District Court for the District of Massachusetts.

8.      "Class Counsel" means:

KALIELGOLD PLLC
Jeffrey Kaliel
Sophia Gold
1100 15th Street NW, 4th Floor
Washington, D.C. 20005

WHATLEY KALLAS
Patrick Sheehan
101 Federal Street, 19th Floor
Boston, MA 02110

9.      "Class Period" means the time period from July 1, 2016 to December 1, 2022.

10.     "Class Representative" means Rita Meaden.

11.     "Current Account Holder" means a Settlement Class Member who continues to have his or her Account as of the date that the Net Settlement Fund is distributed to the Settlement Class Members pursuant to this Agreement.

12.     "Effective Date" means the fifth (5th) day after which all of the following events have occurred:

      a.      The court has entered the Final Approval Order and Final Judgment; and

      b.      The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available.

13.     "Email Notice" means the short form notice sent to Settlement Class Members for whom HarborOne Bank has email addresses.

14.     "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in Section VII below.

15.     "Final Approval" means the date that the Court enters an Order granting final approval to the Settlement and determines the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to the Class Representative.  The proposed Final

Approval Order shall be in a form agreed upon by Class Counsel and HarborOne Bank, as modified in the discretion of the Court.

16.     "Final Approval Hearing" means the hearing set by the Court to determine the fairness of the Settlement and whether to approve its terms.

17.     "Final Approval Order" means the final order that the Court enters upon Final Approval.

18.     "Former Account Holder" means a Settlement Class Member who no longer has an open Account as of the date that the Net Settlement Fund is distributed to Settlement Class Members pursuant to this Agreement.

19.     "Long Form Notice" means the form of notice that will be posted on the Settlement Website created by the Settlement Administrator and shall be available to the Settlement Class Members by mail on request made to the Settlement Administrator.

20.     "Multiple Fees" means, for check transactions, the second or third NSF Fee or OD Fee charged to an accountholder when HarborOne Bank returns a check for insufficient funds, a financial institution re-presents the check to HarborOne Bank for payment, and HarborOne Bank returns the check again for insufficient funds or pays the check despite insufficient funds.  For ACH transactions, "Multiple Fees" means the second or third NSF Fee or OD Fee charged to a an accountholder when HarborOne Bank returns a debit entry for insufficient funds, an Originating Depository Financial Institution presents a Reinitiated Entry to HarborOne Bank, and HarborOne Bank returns the Reinitiated Entry for insufficient funds or pays the Reinitiated Entry despite insufficient funds.

21.     "Multiple Fees Class" means all consumer deposit account customers of HarborOne Bank to whom HarborOne Bank, during the Class Period, assessed Multiple Fees which were not refunded.

22.     "Net Settlement Fund" means the Settlement Fund, minus Court-approved attorneys' fees and costs, any Court-approved Service Award to Plaintiff, and Court-approved Settlement Administration Costs.

23.     "Notice" means the notices that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of the Settlement.

24.     "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Postcard Notice, Email Notice and Long Form Notice (all defined herein below), which shall be substantially in the forms as the exhibits attached to the Motion for Preliminary Approval.

25.     "NSF Fee" means any non-sufficient funds fee assessed to an Account Holder when the Account has insufficient funds and HarborOne Bank returns an item as a result of insufficient funds.

26.     "Opt-Out Period" means the period that begins when Notice is first mailed, and that ends no later than sixty (60) days before the Final Approval Hearing.  The deadline for the Opt-Out Period will be specified in the Notice.

27.     "OD Fee" means an overdraft fee assessed to an Account Holder for items paid when the Account had insufficient funds.

28.     "Parties" means Plaintiff and the Settlement Class Members on the one hand, and HarborOne Bank on the other hand.

29.     "Plaintiff" means Rita Meaden.

30.     "Postcard Notice" means the short form notice sent by U.S. mail to Settlement Class Members for whom HarborOne Bank does not have valid email addresses, or for whom Email Notice is returned undeliverable.

31.     "Preliminary Approval" means the date that the Court enters an Order preliminarily approving the Settlement.

32.     "Preliminary Approval Order" means the Court's order on Plaintiff's Motion for Preliminary Approval approving the Notice Program and authorizing Notice, which shall be substantially in the form of the exhibits attached to the Motion for Preliminary Approval.

33.     "Reinitiated Entry" shall have the same meaning as in the NACHA Rules.

34.     "Releases" means all of the releases contained in Section XIV hereof.

35.     "Released Claims" means all claims to be released as specified in Section XIV hereof.

36.     "Released Parties" means those persons released as specified in Section XIV hereof.

37.     "Releasing Parties" means Plaintiff, all Settlement Class Members, and the respective heirs, assigns, beneficiaries and successors of Plaintiff or a Settlement Class Member. Each individual or entity within the definition of Releasing Parties is a "Releasing Party."

38.     "Service Award" means any Court ordered payment to Plaintiff for serving as Class Representative, which is in addition to any payment due to Plaintiff as a Settlement Class Member.

39.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement.

40.     "Settlement Administration Costs" means all costs of the Settlement Administrator regarding notice and settlement administration.

41.    "Settlement Administrator" means Kroll.

42.    "Settlement Class" means the Multiple Fees Class, as defined above.  Excluded from the Settlement Class is HarborOne Bank, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class Members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members.

43.    "Settlement Class Member" means any person included in the Settlement Class who does not opt-out of the Settlement and who is entitled to the benefits of the Settlement, including a Settlement Class Member Payment.

44.    "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.

45.    "Settlement Fund" means the eight hundred seventy-five thousand dollars ($875,000.00) HarborOne Bank will be obligated to pay the Settlement Administrator, as set forth in Section VI.

46.    "Settlement Website" means the website that the Settlement Administrator will use as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, the Preliminary Approval Order approving this Settlement, and such other documents as the Parties agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until thirty (30) days after the Effective Date.  The URL of the Settlement Website shall be agreed upon by the Parties in writing.

## III.    Certification of the Settlement Class

47.    For Settlement purposes only, HarborOne Bank agrees not to oppose Plaintiff's request for the Court to certify the Settlement Class under the Federal Rules of Civil Procedure.

IV.     **Settlement Consideration**

48.     Subject to approval by the Court, under the Settlement, the total cash consideration to be provided by HarborOne Bank shall be eight hundred seventy-five thousand dollars ($875,000.00), inclusive of the amount paid to Settlement Class Members, any and all attorneys' fee and costs awarded to Class Counsel, any settlement administration costs, any Service Award to the Class Representative, and any *cy pres* payment.  HarborOne Bank shall not be responsible for any other payments or consideration under this Agreement.

V.      **Settlement Approval**

49.     Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an Order granting Preliminary Approval of this Settlement.  The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and HarborOne Bank.  The motion for Preliminary Approval shall, among other things, request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate and reasonable; (2) provisionally certify the Settlement Class pursuant to the Federal Rules of Civil Procedure for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the procedures set forth herein below for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; and (6) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for HarborOne Bank, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees and costs, and for a Service Award to the Class Representative.

VI.     **Payment of the Settlement Fund**

50.    The $875,000.00 Settlement Fund shall be paid by HarborOne Bank into the Escrow Account within seven (7) days of Preliminary Approval, subject to HarborOne Bank's receipt of a properly completed W-9 Form from the Settlement Administrator.  HarborOne Bank shall not be required to pay any portion of the Settlement Fund until it has received a properly completed W-9 Form from the Settlement Administrator.

51.    The Settlement Amount shall be applied as follows:

      a.    To pay all Settlement Administration expenses;

      b.    To pay any other Court-approved fees and expenses;

      c.    To distribute the balance of the Settlement Fund to Settlement Class Members as allowed by the Court pursuant to the Preliminary Approval Order;

      d.    To pay any attorneys' fees and expenses award to Class Counsel;

      e.    To pay any Service Award to the Class Representative as allowed by the Court; and

      f.    To pay for any *cy pres* distribution authorized by the Court.

52.    As set forth above, HarborOne Bank shall be responsible for paying the total Settlement Fund of $875,000.00.  HarborOne Bank shall have no responsibility for any other costs, including any attorneys' fees, expenses, and costs, including taxes or tax-related costs relating to the Settlement Fund; rather, all such fees, expenses, costs, and taxes shall be paid out of the Settlement Fund as approved by the Court.

## VII.    Escrow Account

53.    The Settlement Administrator will establish an interest-bearing Escrow Account to hold the Settlement Funds.

54.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the

Escrow Account.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon HarborOne Bank, HarborOne Bank's Counsel, Plaintiff and/or Class Counsel with respect to income earned by the Escrow Account for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Escrow Account.  HarborOne Bank and HarborOne Bank's Counsel and Plaintiff and Class Counsel shall have no liability or responsibility for any of the Taxes.  The Escrow Account shall indemnify and hold HarborOne and HarborOne Bank's Counsel and Plaintiff and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

**VIII.  <u>Settlement Administrator</u>**

55.     Class Counsel, in consultation with HarborOne Bank, has selected the Settlement Administrator.  The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Postcard Notice and Email Notice to Settlement Class Members and distributing the Settlement Fund as provided herein.

56.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.     Use the name and address information for Settlement Class members provided by HarborOne Bank in connection with the Notice Program approved by the Court, for the purpose of mailing the Postcard Notice and sending the Email Notice, and later mailing distribution checks to Former Account Holder Settlement Class Members,

and to Current Account Holder Settlement Class Members where it is not feasible or reasonable for HarborOne Bank to make the payment by a credit to the Settlement Class Members' Accounts;

b.      Establish and maintain a Post Office box for the receipt of opt-out requests and objections;

c.      Establish and maintain the Settlement Website;

d.      Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries;

e.      Respond to any mailed Settlement Class member inquiries;

f.      Process all requests for exclusion from the Settlement Class;

g.      Provide weekly reports to Class Counsel and HarborOne Bank that summarize the number of requests for exclusion and/or objections received that week, the total number of exclusion requests and/or objections received to date, and other pertinent information;

h.      In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court confirming that the Notice Program was completed, that the Class Action Fairness Notice requirements have been met, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly opted-out from the Settlement Class, as well as those Settlement Class Members that timely filed objections, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

       i.      Identify to HarborOne Bank the amount of the Net Settlement Fund required to make Settlement Class Member Payments to Current Account Holders by a credit to those Settlement Class Members' Accounts and then sending HarborOne Bank the funds at least seven (7) days before HarborOne Bank makes the Account credits;

       j.      Perform all tax-related services for the Escrow Account as provided in the Agreement;

       k.      Pay invoices, expenses and costs upon approval by Class Counsel and HarborOne Bank, as provided in this Agreement; and

       l.      Any other Settlement-administration-related function at the instruction of Class Counsel and HarborOne Bank, including, but not limited to, verifying that the Settlement Fund has been distributed.

## IX.    **Notice to Settlement Class Members**

57.    Within thirty (30) days after Preliminary Approval of the Settlement, at the direction of Class Counsel and HarborOne Bank's Counsel, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice shall include, among other information:   a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from, or "opt-out" of, the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date on which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which Settlement Class members may access this Agreement and other related documents and information.  Class Counsel and HarborOne Bank shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

58.     The Notice also shall include a procedure for Settlement Class members to opt out of the Settlement Class.  A Settlement Class member may opt out of the Settlement Class at any time during the Opt-Out Period, provided the opt-out notice is postmarked no later than the last day of the Opt-Out Period.  Any Settlement Class member who does not timely and validly request to opt out shall be bound by the terms of this Agreement.

59.     The Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees and costs and/or a Service Award to the Class Representative.  Objections to the Settlement, to the application for fees and costs, and/or to the Service Award must be mailed to the Clerk of the Court, Class Counsel, HarborOne Bank's counsel, and the Settlement Administrator.  For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Notice.  If submitted by mail, an objection shall be deemed to have been submitted on the postmark date reflected on the envelope.  If submitted by private courier (*e.g.*, FedEx), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

60.     For an objection to be considered by the Court, the objection must also set forth:

   a.     the name of the Action;

   b.     the objector's full name, address and telephone number;

   c.     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d.     all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

     e.     the identity of all counsel, if any, representing the objector who will appear at the Final Approval Hearing;

     f.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

     g.     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

     h.     the objector's signature.

61.     Class Counsel and/or HarborOne Bank may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

62.     Notice shall be provided to Settlement Class members in three different ways: Email Notice to Account Holders for whom HarborOne Bank has email addresses; Postcard Notice sent by U.S. mail to Account Holders for whom HarborOne Bank does not have valid email addresses, and for whom Email Notice is returned undeliverable; and Long Form Notice, which shall be available on the Settlement Website and/or via mail upon a Settlement Class member's request. Not all Settlement Class members will receive all forms of Notice, as detailed herein.

63.     Once the Settlement Administrator has the list of Settlement Class Members, the Settlement Administrator shall run the physical addresses through the National Change of Address Database and shall mail to all such Settlement Class members Postcard Notice. The Settlement Administrator shall also send out Email Notice to all Settlement Class members receiving Notice by that method. The initial Postcard Notice and Email Notice shall be referred to as "Initial Mailed Notice."

64.     The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. A reasonable tracing procedure would

be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than sixty (60) days before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process"). The Settlement Administrator shall also send Postcard Notice to all Settlement Class members whose Email Notice were returned as undeliverable and complete such Notice pursuant to the deadlines described herein as they relate to the Notice Re-mailing Process.

65.     The Notice Program (which is composed of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than sixty (60) days before the Final Approval Hearing.

66.     All costs and expenses related to the Notice Program shall be paid from the Settlement Fund after approval by Class Counsel.

67.     Within the provisions set forth in this Section VIII, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and HarborOne Bank.

**X.     Final Approval Order and Judgment**

68.     Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiff shall file the Motion for Final Approval of the Settlement, and application for attorneys' fees and costs and for a Service Award for the Class Representative, no later than forty-five (45) days before the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, including Class Counsel's application for attorneys' fees and costs, and for any Service Award for the Class Representative. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to Class Counsel's application

for attorneys' fees and costs, or the Service Award application, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Agreement.

69.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and entering final judgment thereon, and whether to approve Class Counsel's request for attorneys' fees and costs and a Service Award.  The proposed Final Approval Order shall be in a form agreed upon by Class Counsel and HarborOne Bank.  Such proposed Final Approval Order shall, among other things:

a.     Determine that the Settlement is fair, adequate, and reasonable;

b.     Finally certify the Settlement Class for settlement purposes only;

c.     Determine that the Notice provided satisfies due process requirements;

d.     Enter judgment dismissing the Action with prejudice;

e.     Bar and enjoin all Releasing Parties from asserting any of the Released Claims hereof, bar and enjoin all Releasing Parties from pursuing any Released Claims against HarborOne Bank or its affiliates at any time, including during any appeal from the Final Approval Order, and retain jurisdiction over the enforcement of the Court's injunctions;

f.     Release HarborOne Bank and the Released Parties from the Released Claims; and

g.     Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including HarborOne Bank, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.     **Distribution of Net Settlement Fund**

70.    Within fourteen (14) days after Final Approval, the Settlement Administrator shall (1) identify to HarborOne Bank the full amount of Settlement Class Member Payments, along with the amount of each Settlement Class Member Payments to be credited to Current Account Holders' Accounts; and (2) wire to HarborOne the funds necessary to make all Settlement Class Member payments to Settlement Class Members whose applicable accounts are still active. Within fourteen (14) days of HarborOne's receipt of the funds from the Settlement Administrator, HarborOne shall directly deposit the Settlement Class Member payments into the Settlement Class Members' active accounts. If any Settlement Class Members close their applicable account before HarborOne can deposit their Settlement Class Member payment, HarborOne shall deposit those Settlement Class Member Payments back into the Settlement Fund, and those Settlement Class Members shall be paid by check from the Settlement Administrator.

71.    Within forty five (45) days after the Effective Date, the Settlement Administrator shall pay Former Account Holders their Settlement Class Member Payments by check from the Escrow Account.

**XII.    Calculation and Disbursement of Settlement Class Member Payments**

72.    The amount of the Settlement Class Member Payment from the Settlement Fund to which each Settlement Class Member is entitled for the Class Period is to be determined subject to the availability of relevant data from HarborOne Bank and using the following methodology or such other methodology as would have an equivalent result:

a.    HarborOne Bank will identify all Accounts held by Settlement Class Members for which the Bank assessed Multiple Fees during the Class Period.

b.    Multiple Fees will be totaled for each Account.

c.    The Net Settlement Fund will be allocated pro rata to the Settlement Class Members based on their number of Multiple Fees.

17

      d.    The Settlement Administrator shall divide the total amount of the Net Settlement Fund by the total amount of all Settlement Class Members' Multiple Fees. This calculation shall yield the "Pro Rata Percentage."

73.    Each Settlement Class Member's Pro Rata Percentage will be multiplied by the amount of the Net Settlement Fund, which yields a Pre-Adjustment Payment Amount for each Settlement Class Member.

74.    If any Settlement Class Member's Pre-Adjustment Amount is less than $5.00, the Settlement Class Member's Payment amount shall be adjusted to $5.00. The remainder of the Net Settlement Fund shall then be apportioned pro rata to all other Settlement Class Members by multiplying those Settlement Class Members' Pro Rata Percentage by the remaining amount of the Net Settlement Fund.

75.    The Parties agree the foregoing allocation formula is exclusively for purposes of computing, in a reasonable and efficient fashion, the amount of any Settlement Class Member Payment each Settlement Class Member should receive from the Net Settlement Fund. The fact that this allocation formula will be used is not intended (and shall not be used) for any other purpose or objective whatsoever.

76.    Settlement Class Member Payments to Current Account Holders shall be made first by crediting those Account Holders' Accounts, or by mailing a standard size check if it is not feasible or reasonable to make the payment by a credit. HarborOne Bank shall notify Current Account Holders of any such credit on the Account statement on which the credit is reflected by stating "Fee Refund" or something similar, in HarborOne Bank's sole discretion. HarborOne Bank will bear any costs associated with implementing the Account credits and notification discussed in this paragraph.

77. Settlement Class Member Payments to Former Account Holders shall be made by mailing a check. Such mailing shall be accomplished by the Settlement Administrator.

78. The amount of the Net Settlement Fund attributable to uncashed or returned checks sent by the Settlement Administrator shall be held by the Settlement Administrator for up to six months from the date that the first distribution check is mailed by the Settlement Administrator. During this time the Settlement Administrator shall make a reasonable effort to locate intended recipients of settlement funds whose checks were returned (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) to effectuate delivery of such checks. The Settlement Administrator shall make only one such additional attempt to identify updated addresses and re-mail or re-issue a distribution check to those for whom an updated address was obtained.

## XIII.  Disposition of Residual Funds

79. In the event that there is any residual in the Settlement Fund after the distributions required by this Agreement are completed, said funds shall in no circumstance revert to HarborOne Bank. At the election of Class Counsel and counsel for HarborOne Bank, the funds may be distributed to Settlement Class Members via a secondary distribution if economically feasible or through a residual *cy pres* organization, which will be an entity jointly agreed by the Parties and approved by the Court. Any residual secondary distribution or *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution of funds to the Settlement Class Members

## XIV.  Releases

80. As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged HarborOne Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the

present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that relate to the assessment of Multiple Fees.

81.     Each Releasing Party is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against HarborOne Bank in any forum, action, or proceeding of any kind.

82.     A Releasing Party may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change.  Nonetheless, each of those individuals expressly agrees to be bound by this Agreement, including the releases set out in the Agreement.

83.     Nothing in this Agreement shall operate or be construed to release any claims or rights that HarborOne Bank has to recover any past, present or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans or any other debts with HarborOne Bank, pursuant to the terms and conditions of such accounts, loans, or any other debts.

## XV.    Payment of Attorneys' Fees, Costs, and Service Award

84.     HarborOne Bank agrees not to oppose Class Counsel's request for attorneys' fees of up to 33.33% of the Settlement Fund, and not to oppose Class Counsel's request for

reimbursement of reasonable expenses.  Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the Settlement Fund.  The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

85.     All Court-approved attorneys' fees and costs shall be payable from the Escrow Account by the Settlement Administrator to Class Counsel within ten (10) days of entry of a Final Approval Order.

86.     The payment of attorneys' fees and costs of Class Counsel amongst Class Counsel shall be made as designated by Class Counsel.  After the attorneys' fees and costs have been paid, Class Counsel shall be solely responsible for distributing each Plaintiff's firm's allocated share of such fees and costs to that firm.

87.     In the event the Effective Date does not occur, or the attorneys' fees or the expense award is reduced following an appeal, each counsel and their law firms who have received any payment of such fees or costs shall be jointly and severally liable for the entirety.  Further, each counsel and their law firm consent to the jurisdiction of the Court for the enforcement of this provision.

88.     Class Counsel will ask the Court to approve a Service Award to the Plaintiff in the amount of $5,000.00.  The Service Award is to be paid by the Settlement Administrator from the Escrow Account within thirty (30) days of the Effective Date.  The Service Award shall be paid to the Class Representative in addition to the Settlement Class Member Payment.  HarborOne Bank agrees not to oppose Class Counsel's request for a Service Award up to $5,000.00.  The Parties agree that the Court's failure to approve the Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

89.     The Parties negotiated and reached agreement regarding attorneys' fees and costs, and the Service Award, only after reaching agreement on all other material terms of this Settlement.

## XVI.   Termination of Settlement

90.     This Settlement may be terminated by either Class Counsel or HarborOne Bank prior to the Effective Date by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fifteen (15) days (or such longer time as may be agreed in writing between Class Counsel and HarborOne Bank) after any of the following occurrences:

    a.     Class Counsel and HarborOne Bank agree to termination;

    b.     the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

    c.     an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within three hundred sixty (360) days after such reversal;

    d.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or HarborOne Bank reasonably considers material;

    e.     the Effective Date does not occur; or

    f.     any other ground for termination provided for elsewhere in this Agreement.

91.     HarborOne Bank also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within fifteen (15) days after its receipt from the Settlement Administrator of any report indicating that the number of Settlement Class Members who timely request exclusion from the Settlement Class equals or exceeds 5% of the total Settlement Class.

DocuSign Envelope ID: 7DC1B3EE-5B94-4289-A51A-867AF77E0551

## XVII.  **Effect of Termination**

92.    In the event of a termination, this Agreement shall be considered null and void; all of Plaintiff's, Class Counsel's, and HarborOne Bank's obligations under the Settlement shall cease to be of any force and effect, and the Parties shall proceed in all respects as if this Agreement and any related order(s) had not been entered.  Any portion of the Settlement Fund previously paid by or on behalf of HarborOne Bank shall be returned to HarborOne Bank, together with any interest earned thereon, shall be returned to HarborOne Bank within ten (10) business days from the date of the event causing such termination.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

93.    The Settlement shall become effective on the Effective Date unless terminated earlier in accordance with the provisions hereof.

94.    Certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement.  If this Agreement terminates or is nullified, the provisional class certification shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Settlement Agreement. Thereafter, Plaintiff shall be free to pursue any claims available to him, and HarborOne Bank shall be free to assert any defenses available to it, including but not limited to, denying the suitability of this case for class treatment.  Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims and defenses.

95.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVIII.  No Admission of Liability

96.     HarborOne Bank continues to dispute its liability for the claims alleged in, and that could have been alleged in, the Action, and maintains that its fee assessment practices and representations concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its customers.  HarborOne Bank does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise.  HarborOne Bank has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

97.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

98.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

## XX.   Miscellaneous Provisions

24

99.    Gender and Plurals.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

100.    Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

101.    Cooperation of Parties.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

102.    Obligation To Meet and Confer.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

103.    Integration.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

104.    No Conflict Intended.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

105.    Governing Law.  Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Massachusetts, without regard to the principles thereof regarding choice of law.

106.    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the

DocuSign Envelope ID: 7DC4B3EE-5B94-4289-A54A-867AE77E0551

same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature or electronic signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

107.    <u>Jurisdiction</u>.    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.  As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against HarborOne Bank or its affiliates at any time, including during any appeal from the Final Approval Order.

108.    <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> KALIELGOLD PLLC
> Jeffrey Kaliel
> Sophia Gold
> 1100 15th Street NW, 4th Floor
> Washington, D.C. 20005
> sgold@kalielgold.com
> *Class Counsel*

109.    The notice recipients and addresses designated above may be changed by written notice.  Upon the request of any of the Parties, the Parties agree to promptly provide each other

with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

110.    <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for HarborOne Bank and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

111.    <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

112.    <u>Authority</u>.  Class Counsel (for the Plaintiff and the Settlement Class Members), and counsel for HarborOne Bank (for HarborOne Bank), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff, Settlement Class, Releasing Parties, and HarborOne Bank to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

113.    <u>Agreement Mutually Prepared</u>.  Neither HarborOne Bank nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

114.    <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts

in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  HarborOne Bank has provided and will provide information that Plaintiff reasonably requested to identify Settlement Class members and the alleged damages they incurred.  Both Parties recognize and acknowledge that they and their experts reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments, and settlement positions.  The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

115.    <u>Assignment; Third Party Beneficiaries</u>.  None of the rights, commitments, or obligations recognized under this Settlement Agreement may be assigned by any member of the Settlement Class without the express written consent of the other Parties.

116.    <u>Calculation of Time</u>.  All time listed in this Agreement, unless otherwise noted, is in calendar days.

117.    <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement and the Release contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the

Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

Dated: _____2/27/2023_____        _____*Rita Estelle Meaden*_____
                                                                          DEE2999569BC423...
                                                       RITA MEADEN
                                                       *Plaintiff*

Dated: _2/27/2023_____          _____*Sophia Gold*_____
                                                       SOPHIA GOLD
                                                       KALIELGOLD PLLC
                                                       *Class Counsel*

Dated: ___February 10, 2023_____

                                                       _____
                                                       INEZ H. FRIEDMAN-BOYCE
                                                       HARBORONE BANK
                                                       SENIOR VICE PRESIDENT, GENERAL
                                                       COUNSEL AND CORPORATE SECRETARY

Dated: ___February 13, 2023_____

                                                       _____
                                                       Matthew Lindenbaum
                                                       *Counsel for HarborOne Bank*

29

# EXHIBIT A

## COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

You may be a member of the settlement class in *Meaden v. HarborOne Bank,* in which the plaintiff alleges that defendant HarborOne Bank ("HarborOne"), from July 1, 2016 to December 1, 2022, incorrectly assessed a second or third non-sufficient funds fee or overdraft fee after returning a check or a debit entry on an ACH payment for insufficient funds. HarborOne denies any wrongdoing but it has agreed to settle this case to avoid the burden, expense and inconvenience of further litigation. If you are a Class Member and if the Settlement is approved, you may be entitled to receive a credit or a cash payment from the $875,000.00 fund established by the Settlement. The amount of any credit or cash payment to which you are entitled will be determined by an independent settlement administrator and not by HarborOne.

The Court has preliminarily approved this settlement. It will hold a Final Approval Hearing in this case on [PARTIES TO INSERT DATE], 2023. At that hearing, the Court will consider whether to grant final approval to the settlement, and whether to approve payment from the Settlement Fund of up to $5,000 as a service award to the class representative, and up to 1/3 of the Settlement Fund in attorneys' fees, plus reasonable expenses. If the Court grants final approval of the settlement and you do not request to be excluded from the settlement, you will release your right to bring any claim covered by the Settlement. In exchange, HarborOne has agreed to issue cash payment or account credit to you, as applicable.

**To obtain more information and other important documents please visit [PARTIES TO PROVIDE WEBSITE ADDRESS]. Alternatively, you may call [INSERT PHONE #].**

*If you do not want to participate in this settlement—you do not want to receive a credit or cash payment, as applicable, and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out request postmarked no later than [PARTIES TO INSERT DATE]. You may learn more about the opt-out procedures by visiting [PARTIES TO PROVIDE ADDRESS] or by calling [INSERT PHONE #].You may also object to this settlement by submitting an objection postmarked no later than [PARTIES TO INSERT DATE].*

# EXHIBIT B

# If you were assessed Multiple Fees[1] between July 1, 2016 and December 1, 2022 by HarborOne Bank, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement provides $875,000 (the "Settlement Fund") to settle claims relating Multiple Fees (defined in footnote 1 below) charged by HarborOne Bank ("Defendant") between July 1, 2016 and December 1, 2022.

- Class Members who do nothing will automatically receive a check or account credit. These payments will be from the Net Settlement Fund based on a percentage of the amount of applicable fees paid. The amount of these payments will be determined by an independent settlement administrator and not by Defendant.  You are a Class Member if you received an email or postcard notice addressed to you.

- Your legal rights are affected, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | **Automatically receive a settlement check or account credit once the settlement is finally approved.** Give up the right to bring a separate lawsuit about the same issue. |
| **EXCLUDE YOURSELF** | Get no benefits from the settlement. Keep the right to bring a separate lawsuit about the same issue at your own expense. |
| **OBJECT** | Write to the Court about why you don't like the settlement. If the settlement is approved you will still receive a check or account credit and give up the right to bring a separate lawsuit about the same issue. |

---

[1] Multiple Fees means, for check transactions, the second or third NSF Fee or OD Fee charged to an accountholder when HarborOne Bank returns a check for insufficient funds, a financial institution re-presents the check to HarborOne Bank for payment, and HarborOne Bank returns the check again for insufficient funds or pays the check despite insufficient funds. For ACH transactions, Multiple Fees means the second or third NSF Fee or OD Fee charged to an accountholder when HarborOne Bank returns a debit entry for insufficient funds, an Originating Depository Financial Institution presents a Reinitiated Entry to HarborOne Bank, and HarborOne Bank returns the Reinitiated Entry for insufficient funds or pays the Reinitiated Entry despite insufficient funds.

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- Please be patient while the Court decides whether to approve the settlement.

# BASIC INFORMATION

| 1.   Why did I get this notice? |
| --- |

The records of HarborOne Bank ("Defendant") show that you were assessed Multiple Fees. Because of this, you are a Class Member, and you may be affected by this class action settlement.

The Court sent you this notice because you have a right to know about the proposed class action settlement, and about your options, before the Court decides whether to approve the settlement. If you do nothing and the Court approves the settlement, and after any appeals are resolved, the settlement administrator will send you a payment as a check or as an account credit, and your claims will be released.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, and how those benefits will be calculated.

The Court in charge of the case is the United States District Court for the District of Massachusetts and the case is known as *Rita Meaden v. HarborOne Bank*. The person who sued is called the Plaintiff, and the bank she sued is called the Defendant.

| 2.   What is the lawsuit about? |
| --- |

The lawsuit claims that Defendant improperly assessed the fees listed under Question 1 above. Defendant denies that it did anything wrong. Defendant claims that it was allowed to assess these fees, and properly did so in accordance with the terms of its account agreements and applicable law.

| 3.   Why is this a class action? |
| --- |

In a class action lawsuit, one or more people called "Class Representatives" (in this case Rita Meaden) sue on behalf of themselves and other people who have similar claims. All of these people are called a Class or Class Members. This is a class action because the Court has decided it meets the legal requirements to be a class action solely for the purposes of settlement and notice. Because the case is a class action, one court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

### 4.   Why is there a settlement?

The Court did not decide in favor of the Plaintiff or the Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial and the risks of either side losing, and they ensure that the people affected by the lawsuit receive compensation. Defendant does not in any way acknowledge, admit to or concede any of the Plaintiff's allegations and expressly disclaims and denies any and all fault or liability for the charges that have been alleged in this lawsuit. The parties think that the settlement is best for everyone involved under the circumstances. The Court will evaluate the settlement to determine whether it is fair, reasonable, and adequate before it approves the settlement.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 5.   How do I know if I am part of the settlement?

If this notice is addressed to you then you are a Class Member, you will be a part of the settlement, and you will receive the benefits of the settlement, unless you exclude yourself. If you are not sure whether you have been properly included, you can call the number at the bottom of this notice to check.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6.   What does the settlement provide?

The Defendant has agreed to create a Settlement Fund of $875,000 to settle this case. As discussed separately below, attorneys' fees, litigation costs, the costs of this notice and for the costs of distributing the settlement benefits, among other settlement administration costs, and a service award to the Class Representative will also be paid out of this amount.

### 7.   What can I get from the settlement?

After deducting the attorneys' fees and expenses, costs of notice and administration, and a service award to the Class Representative approved by the Court, there will be a Net Settlement Fund available for distribution to Class Members. Each Class Member will be paid from this fund on a pro rata basis, based on the amount of applicable fees assessed against the Class Member. For example, a Class Member who was assessed $100 in applicable fees will receive a check or account credit for twice as much as a Class Member who was assessed $50 in applicable fees.

The actual amount of any Class Member's check or account credit will be determined by an independent settlement administrator.

| 8.   What do I need to do to receive a payment from the settlement? |
| --- |

You do not need to do anything to receive a payment from the settlement. As long as you do not exclude yourself, you will receive a settlement payment if the settlement is approved and becomes final. If your address changes, however, please call the number at the bottom of this notice to report the address change so that your payment reaches you.

| 9.   When would I get my payment? |
| --- |

The Court will hold a hearing on **[PARTIES TO PROVIDE DATE ORDERED BY COURT]** to decide whether to approve the settlement. If the Court approves the settlement, there may be a period when appeals can be filed. Once any appeals are resolved or if no appeals are filed, it will be possible to distribute the funds. This may take several months and perhaps more than a year.

| 10.   What am I giving up to get a payment? |
| --- |

Unless you exclude yourself, you are staying in the Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Defendant relating to the legal claims that were or could have been brought in *this* case. It also means that all of the Court's orders will apply to you. Once the settlement is final your claims relating to claims that were or could have been brought in *this* case will be released and forever barred.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendant on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

| 11.   How do I get out of the settlement? |
| --- |

To exclude yourself from this settlement, you must send a letter by mail saying that you want to opt-out or be excluded from *Meaden v. HarborOne Bank*. The letter must include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **[PARTIES TO PROVIDE DATE]** to:

Meaden v. HarborOne Bank Exclusions
**[Notice Administrator Address 1]**
**[Notice Administrator Address 2]**
**[City], [State] [ZIP]**.

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Defendant in the future.

| 12. | If I don't exclude myself, can I sue later for the same thing? |
|---|---|

No. Unless you exclude yourself, you give up the right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that suit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember that the exclusion deadline is **[PARTIES TO PROVIDE DATE]**.

| 13. | If I exclude myself, can I get money from this settlement? |
|---|---|

No. If you exclude yourself, you are not eligible for any money from this settlement.

# THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court appointed the law firms of KalielGold PLLC and Whatley Kallas to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for attorneys' fees and expenses of up to one-third of the Settlement Fund, reimbursement of expenses, and a service award of $5,000 to the Class Representative, to be paid from the Settlement Fund. The amount of these fees must be approved by the Court.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 16. | How do I tell the Court that I don't like the settlement? |
|---|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it. You must state the reasons for your objection and include any evidence, briefs, motions or other materials you intend to offer in support of the objection. The Court will consider your

views. To object, you must send a letter saying that you object to *Meaden v. HarborOne Bank,* Case No. 1:23-cv-10467-DLC. You must include your name, address, telephone number, your signature, and the reasons you object to the settlement. You must mail the objection to four different places postmarked no later than **[PARTIES TO PROVIDE DATE]**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|---|
| Clerk<br>United States District Court, District of Massachusetts<br>1 Courthouse Way<br>Boston, MA 02210 | Patrick J. Sheehan<br>Whatley Kallas, LLP<br>101 Federal Street<br>19th Floor<br>Boston, MA 02110<br><br>Jeffrey Kaliel<br>Sophia G. Gold<br>KalielGold PLLC<br>1100 15th Street NW<br>4th Floor<br>Washington, D.C. 20005 | Matthew G. Lindenbaum<br>Nelson Mullins Riley & Scarborough LLP<br>One Financial Center<br>Suite 3500<br>Boston, MA 02111 | PARTIES TO PROVIDE ADDRESS |

---

**17.   What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because this case no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

---

**18.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at **[PARTIES TO PROVIDE TIME]** on **[PARTIES TO PROVIDE DATE]** at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing and complied with question 20 of this notice. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. You are <u>not</u> required to attend this hearing.

| 19.   Do I have to come to the hearing? |
|---|

No. You are welcome to come at your own expense if you wish, but Class Counsel will answer questions the Court may have. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 20.   May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Meaden v. HarborOne Bank*" You must include your name, address, telephone number, your signature, and any evidence you intend to use at the hearing. Your Notice of Intention must be postmarked no later than **[PARTIES TO PROVIDE DATE]**, and be sent to the Clerk of the Court, Class Counsel, Defense Counsel, and Settlement Administrator at the four addresses listed under question 16 of this notice. If you hire a lawyer to speak for you, he or she must file an appearance by the same date.

# IF YOU DO NOTHING

| 21.   What happens if I do nothing at all? |
|---|

If you do nothing, you will be a part of this settlement, and you will receive the payments provided by the settlement once it becomes final. In exchange for the payment, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant relating to the claims released in the Settlement Agreement.

# GETTING MORE INFORMATION

| 22.   Are there more details about the settlement? |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement on file with the Court. You can also visit the Settlement Website at **[ADDRESS]** or call toll free **[PHONE #]**. Be sure to state that you are calling about the *Meaden v. HarborOne Bank* settlement.