UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RITA MEADEN,<br>individually and on behalf of all others<br>similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>HARBORONE BANK,<br><br>              Defendant. | Civil Action No. 23-CV-10467-AK |

**MEMORANDUM AND ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**A. KELLEY, D.J.**

      Plaintiff Rita Meaden ("Meaden") brings this putative class action against Defendant HarborOne Bank ("HarborOne"), alleging breach of contract and breach of the covenant of good faith and fair dealing. The parties engaged in successful class settlement negotiations and mediation led by a neutral third party. As a result, they have submitted a preliminary class action settlement agreement (the "Agreement") for the Court's approval. [See Dkt. 5-2]. Meaden has filed an unopposed motion for preliminary approval of the class action settlement. [Dkt. 5]. For the following reasons, Meaden's unopposed motion for preliminary approval of the class action settlement [Dkt. 5] is **GRANTED**.

**I.    BACKGROUND**

      On June 22, 2022, Meaden filed this putative class action in state court on behalf of herself and all others similarly situated against HarborOne, alleging breach of contract and breach of the covenant of good faith and fair dealing. [Dkt. 1 at ¶¶ 1-3; Dkt. 6 at 3.]. Meaden

1

alleges that HarborOne charges more than one $35 insufficient funds fee on the same transaction in violation of its account documents. [Dkt. 1 at ¶¶ 10-11]. While HarborOne Bank denies liability, the parties engaged in settlement discussions and attended mediation before the Honorable Margaret R. Hinkle on November 29, 2022. [Dkt. 5-2 at ¶¶ 5, 96-98; Dkt. 6 at 1-2, 4]. The Agreement for which the parties now seek the Court's preliminary approval resulted from those talks. As part of the Agreement, Meaden filed this action in the District of Massachusetts. [Dkt. 5-2 at ¶ 4].

Before this Court is Meaden's unopposed motion for preliminary approval of the class action settlement and class certification. [Dkt. 5]. Meaden asks the Court to (1) grant preliminary approval of the Agreement, finding the terms to be fair, adequate, and reasonable; (2) provisionally certify the settlement class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for settlement purposes; (3) appoint Meaden as class representative and the law firms of KalielGold PLLC and Whatley Kallas, LLP, as class counsel; (4) approve the proposed notice program and the form and content of the notices; (5) establish deadlines for settlement class members to object to or exclude themselves from the settlement; and (6) stay the action pending final approval of the settlement and set a final approval hearing. [Dkt. 6 at 2-3].

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that a proposed settlement in a class action must be approved by the court. The approval of a class-action settlement agreement is a "two-step process, which first requires the court to make a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms." Hochstadt v. Bos. Sci. Corp., 708 F. Supp. 2d 95, 97 n.1 (D. Mass 2010). However, "[b]efore the court can preliminarily approve the proposed settlement, it first must also determine whether to certify the

2

class for settlement purposes." Jean-Pierre v. J&L Cable TV Servs., Inc., 538 F. Supp. 3d 208, 212 (D. Mass. 2021) (internal citation and quotation marks omitted).  The second step in the settlement approval process requires a fairness hearing, after which the court may give final approval of the proposed settlement agreement.  Hochstadt, 708 F. Supp. 2d at 97 n.1.  Granting preliminary approval of a settlement and class certification is conditional and "does not dispose of the litigation as significant hurdles must be met and cleared if a final settlement is to be approved."  In re Lupron Mktg. & Sales Prac. Litig., 345 F. Supp. 2d 135, 138 (D. Mass. 2004) (citing Liles v. Del Campo, 350 F.3d 742, 746 (8th Cir. 2003)).  Courts may decide to modify or reject the settlement after granting initial approval if they later find that the settlement is not fair, adequate, and reasonable in whole or in part.  In re M3 Power Razor Sys. Mktg. & Sales Prac. Litig., 270 F.R.D. 45, 64 (D. Mass. 2010).

### III.   DISCUSSION

Prior to granting preliminary approval of the settlement, the Court "must be satisfied that: (A) the proposed class should be certified for the purpose of settlement; (B) the settlement is fair, reasonable, and adequate; and (C) the proposed notice and notice plan satisfy due process requirements."  Nat'l Ass'n of the Deaf v. Mass. Inst. of Tech., No. 3:15-CV-30024-KAR, 2020 WL 1495903, at *1 (D. Mass. Mar. 27, 2020) (citing Fed. R. Civ. P. 23(e)).

#### A.   Class Certification

Federal Rule of Civil Procedure 23 governs the standards for class certification.  To satisfy Rule 23(a), the plaintiff must establish numerosity, commonality, typicality, and adequacy of representation, in addition to demonstrating that the action may be maintained under Rule 23(b).  Smilow v. S.W. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003) (citation omitted).  When analyzing a class settlement proposal, district courts must ensure that the

interests of absent class members are protected.  In re Lupron Mktg. & Sales Prac. Litig., 228 F.R.D. 75, 88 (D. Mass. 2005) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997)).

Meaden seeks to certify the following class: "[A]ll consumer deposit account customers of HarborOne Bank to whom HarborOne Bank, during the Class Period, assessed Multiple Fees which were not refunded," excluding "HarborOne Bank, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class Members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members." [Dkt. 5-2 at ¶¶ 21, 42; Dkt. 6 at 4].  Meaden's proposed class satisfies Federal Rules of Civil Procedure 23(a) and 23(b).

### 1. The Requirements of Rule 23(a)

First, the class is sufficiently numerous such that joinder is impractical.  The threshold for establishing numerosity is low, and "[c]lasses of 40 or more have been found to be sufficiently numerous."  DeRosa v. Mass. Bay Commuter Rail Co., 694 F. Supp. 2d 87, 98 (D. Mass. 2010); see Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (1st Cir. 2009).  Here, HarborOne's records indicate that the proposed class includes "thousands of current and former accountholders of HarborOne." [Dkt. 6 at 14; see Dkt. 1 at ¶ 57].  Therefore, Rule 23(a)(1) is satisfied.

Rule 23(a)(2) next requires that there be "questions of law or fact common to the class." The "threshold for commonality under Rule 23(a)(2) is not high."  In re M3 Power Razor, 270 F.R.D. at 54.  While there must be at least one common issue of fact or law that shapes the class such that the resolution "affect[s] all or a substantial number of the class members," id., a plaintiff need not show that every fact and legal issue is shared by each class member, In re Lupron, 228 F.R.D. at 88.  Here, all class members maintained accounts with HarborOne, which

4

were governed by the same form contract language and were subject to HarborOne's multiple fees for single transactions. [Dkt. 6 at 14; see Dkt. 1 at ¶ 58]. The predominant common legal question is whether Harbor Bank breached its contracts with all class members when it charged multiple fees to their accounts. As such, common issues of fact and core legal questions unite the class.

To satisfy the third requirement, typicality, the plaintiff needs only to demonstrate that his or her "injuries arise from the same events or course of conduct as do the injuries of the class" and that the "plaintiff's claims and those of the class are based on the same legal theory." In re Credit Suisse-AOL Sec. Litig., 253 F.R.D. 17, 23 (D. Mass. 2008). Here, Meaden's claim is based on the same essential events and underlying legal theories. Meaden and all potential class members were allegedly charged multiple fees on a single item. Meaden's legal theories of recovery, which are grounded in contract law, are typical to the class as a whole. See Bezdek v. Vibram USA Inc., 79 F. Supp. 3d 324, 338 (D. Mass 2015) ("The claims of the class representative and the class overall must share essential characteristics, but they need not be precisely identical."), aff'd, 809 F.3d 78 (1st Cir. 2015). Meaden's claims are therefore typical of the absent class members.

Finally, the proposed class is adequately represented by both Meaden, as the class representative, and her counsel. Rule 23(a)(4) requires that the class representative's interests do not conflict with any potential class member, and that the class counsel can adequately represent the interests of the class. See Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985). Here, the interests of Meaden and absent class members are not generally in conflict and class counsel is adequate. Meaden does not have any identifiable conflicts with potential class members, and her interests align with the potential class members because they all seek redress

from essentially the same injury: the overcharge of fees on the same transaction. See Bussie v. Allmerica Financial Corp., 50 F. Supp. 2d 59, 71 (D. Mass. 1999) (finding the class representative to be adequate because, "[l]ike the [c]lass overall, [the plaintiff] fell victim to [the defendant's] alleged scheme and, as such, the representatives and the [c]lass share the same interest in seeking remediation for their injury"). As to counsel, Meaden obtained the services of KalielGold PLLC and Whatley Kallas, LLP, both of which have extensive experience and interest in class action litigation. [See Dkt. 5-1 at ¶¶ 4-7; see also Dkt. 5-3; Dkt. 5-4]. The requirements of Rule 23(a)(4), and Rule23(a) overall, are satisfied.

### 2. The Requirements of Rule 23(b)

In addition to satisfying all four requirements of Rule 23(a), Meaden must meet at least one of the requirements of Federal Rule of Civil Procedure 23(b). Rule 23(b)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Meaden satisfies both the predominance and superiority requirements.

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem, 521 U.S. at 623. This standard can be met if the common issues predominate, even if some individual issues arise in the course of litigation. Smilow, 323 F.3d at 39. Meaden alleges that all class members are entitled to the same legal remedies premised on HarborOne's same alleged wrongdoing, and the issues affecting every claimant are substantially the same. As such, the class is sufficiently cohesive to warrant litigation by representation. Amchem, 521 U.S. at 623; see 7A Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2023) ("When common questions present a significant

aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis.").

Superiority requires a class to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, where there are thousands of potential class members with small claims resulting from a common issue, a class action is the most feasible mechanism for resolving the dispute. See In re M3 Power Razor, 270 F.R.D. at 56 ("Rule 23 has to be read to authorize class action in some set of cases where seriatim litigation would promise such modest recoveries as to be economically impracticable." (citing Gintis v. Bouchard Transp. Co., 596 F.3d 64, 66-67 (1st Cir. 2010))). Superiority and predominance are satisfied at this stage.

B.  **Preliminary Approval of the Proposed Settlement**

In a preliminary evaluation of a proposed settlement, the court makes an initial determination regarding the fairness, reasonableness, and adequacy of the settlement terms. In re Solodyn (Minocycline Hydrochloride) Antitrust Litig., No. 14-MD-2503-DJC, 2018 WL 11293802, at *1 (D. Mass. Mar. 12, 2018) (citing Manual for Complex Litigation (4th) § 21.632 (2015)); see Fed. R. Civ. P. 23(e)(2). At this preliminary stage, there is a presumption that the settlement is fair, reasonable, and adequate if certain procedural guidelines were followed. In re Lupron, 345 F.Supp.2d at 137. The district court presumes the proposed settlement is fair and reasonable if "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." In re Lupron, 345 F. Supp. 2d at 137 (citing In re Gen. Motors Corp. Pick-Up Truck Fuel Tanks Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995)). This

initial approval allows class members to be notified of the settlement terms so they may have a full and fair opportunity to consider the terms of the settlement and decide whether they want to be included or excluded. In re Solodyn, 2018 WL 11293802, at *1.

Here, counsel with extensive class action experience spent several months negotiating a settlement and attended mediation led by a neutral third party. These "arm's length negotiations conducted by experienced counsel" lead to a presumption of reasonableness. See Nat'l Ass'n of the Deaf, 2020 WL 1495903, at *4 (citing In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 33 (1st Cir. 2009)). Both parties analyzed the costs and benefits of mediation and risks of litigation, and Meaden consulted her own expert to analyze HarborOne's transaction data and damages methodologies prior to agreeing to any settlement terms. [See Dkt. 6 at 10-12; see also Dkt. 5-2 at ¶ 2]. After months of reviewing claims and defenses, both parties decided that settlement is the most effective method to resolve the dispute. See Rolland v. Cellucci, 191 F.R.D. 3, 10 (D. Mass. 2000) ("When the parties' attorneys are experienced and knowledgeable about facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight."); see also In re M3 Power Razor, 270 F.R.D. at 56 (finding discovery sufficient in that it "provide[d] the parties with adequate information about their respective litigation positions"). Furthermore, neither party is aware of any objections at this preliminary stage. [Dkt. 5-1 at ¶¶ 10-11; Dkt. 5-2 at ¶¶ 9]. These factors weigh in favor of finding the proposed settlement fair, reasonable, and adequate, and the Court approves the proposed settlement at this stage.

### C.   Approval of Form and Manner of Notice

The final hurdle the parties must clear for preliminary approval is whether the proposed form and manner of notice satisfy due process. Notice is intended to inform class members of

their rights to exclude themselves from the settlement and not to be bound by any judgment that subsequently issues from final approval. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974). Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal," and class members should receive "the best notice practicable" under the circumstances. Burns v. Elrod, 757 F.2d 151, 154 (7th Cir. 1985). The notice should "generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Civil Rights Educ. & Enf't Ctr. v. RLJ Lodging Tr., No. 15-CV-0224-YGR, 2016 WL 314400, at *2 (N.D. Cal. Jan. 25, 2016) (citing Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004)). At a minimum, a notice must inform class members of "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

The proposed email, postcard, and long-form notices are adequate. They provide information about the claims; the Agreement, including benefits, right to object, and methods of objecting; and will include the time, date, and place of the final approval hearing. [Dkt. 5-2 at 32, 34-40; see Dkt. 5-2 at ¶¶ 57-67]. Notices will be directly delivered via email and/or mail to each class member whose name, email address, and mailing address can be reasonably ascertained within thirty days after this Order. [See Dkt. 5-2 at ¶¶ 62-65]. This is sufficient to notify individual class members. See Eisen, 417 U.S. at 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable

effort."). Moreover, HarborOne will establish a settlement website, which will also set forth the specific procedures for objecting to and opting out of the settlement, in addition to the details of the final approval hearing. [See Dkt. 5-2 at 34-40]. The proposed notice and notice plan are reasonable and satisfy due process.

### D. Appointment of Class Representative and Class Counsel

The Court appoints Rita Meaden as class representative and KalielGold PLLC and Whatley Kallas, LP as class counsel for all the reasons discussed above. See Fed. R. Civ. P. 23(g).

### IV. CONCLUSION

For the foregoing reasons, Meaden's unopposed motion for preliminary approval of the class action settlement [Dkt. 5] is **GRANTED**. A final approval hearing shall be held on **October 11, 2023**, at **10:30 a.m. Eastern Time**, in Courtroom 8 of the John Joseph Moakley Courthouse, One Courthouse Way, Boston, Massachusetts, 02210. At the final approval hearing, the Court shall consider, among other issues, the fairness, reasonableness, and adequacy of the settlement; the proposed plan for distribution, attorneys' fees, and the class representative service award; and any objections to the settlement by class members. A separate order, generally adopting the parties' proposed order [see Dkt. 5-5], shall issue, summarizing the Court's findings, directing dissemination of the class notice, and providing further details regarding the schedule for the final approval hearing. The Court also orders the Clerk to **STAY** this action pending final approval.

**SO ORDERED.**

Dated: May 18, 2023                                  /s/ Angel Kelley
                                                     Hon. Angel Kelley
                                                     United States District Judge