UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RITA MEADEN,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>HARBORONE BANK,<br><br><br>        Defendant. | Case No.: 1:23-cv-10467-AK |

## [PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

On October 11, 2023, this Court heard Plaintiff Rita Meaden's ("Plaintiff") Unopposed Motion for (1) Final Approval of Class Action Settlement and (2) an Award of Attorneys' Fees, Costs, and Service Award (the "Motion"). The Court reviewed the Motion and the supporting papers, including the Settlement Agreement and Release (the "Agreement") entered into with Defendant HarborOne Bank ("HarborOne" or "Defendant") attached as *Exhibit 1* to the Declaration of Sophia G. Gold submitted concurrently herewith, the Memorandum in support of the Motion, and heard counsel's arguments. Based on this review and findings below, the Court finds good cause to grant the Motion.

**FINDINGS**:

      1.    This Final Approval Order incorporates the Agreement, and the terms used herein shall have the same meanings and/or definitions given to them in the Agreement.

2. Upon review of the record, the Court hereby finds that the Settlement is, in all respects, fair, adequate, and reasonable, and therefore approves it.

3. The Court also finds that the negotiations have taken place in good faith between Class Counsel and Defendant's Counsel which resulted in the Agreement.

4. The Agreement provides substantial value to the Settlement Class in the form of a monetary payment in the form of a check or an account credit to Settlement Class Members.

5. Direct Notices were provided to Class Members in compliance with the Agreement, the Preliminary Approval Order, and due process. The Notices (i) fully and accurately informed Settlement Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the Settlement; (iii) provided procedures for Class Members to submit written objections to the Settlement, Class Counsel's request for attorneys' fees, costs, administrative costs to the Settlement Administrator, and service award to Plaintiff, to appear at the Final Approval Hearing, and to state objections to the Settlement; and (iv) provide the time, date, and place of the Final Approval Hearing.

6. The Court finds that zero (0) Settlement Class Members have opted out of the Settlement.

7. The Court finds that there have been zero (0) objections to the Settlement.

8. The Parties have sufficiently performed their obligations under the Agreement.

9. As stated in the Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, in that (a) the members of the Settlement Class are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to

the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class members; (c) Plaintiff's claims and the defenses thereto are typical of the claims of Settlement Class members and the defenses thereto; (d) Plaintiff's and her counsel can and have fairly and adequately protected the interests of the Settlement Class members in this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action and provides substantial benefits to the parties, the Settlement Class members and the Court. The Court therefore finally certifies the Settlement Class for settlement purposes only.

10. An award of $291,637.50 in attorneys' fees to Class Counsel (33.33% of the Settlement Fund) is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting the Action, and the benefits obtained for the Settlement Class. An award of $21,450.66 in litigation costs also reasonable.

11. An award of $56,206 in costs and fees to the Settlement Administrator is fair and reasonable in light of it its work in disseminating notice to the Settlement Class, and administering the Settlement and the Settlement Fund.

12. An award of $5,000.00 as a service award to Plaintiff for serving as Class Representative on behalf of the Settlement Class is also fair and reasonable.

**IT IS HEREBY ORDERED:**

13. **Settlement Class.** The Settlement Class is defined as:

**The Multiple Fee Class**: all consumer deposit account customers of HarborOne Bank to whom HarborOne Bank, during the Class Period, assessed Multiple Fees which were not refunded.

Excluded from the Settlement Class is HarborOne Bank, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class Members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members.

14. **Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Agreement and binds all Settlement Class Members.

15. **Release.** As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that relate to the assessment of Multiple Fees.

Each Releasing Party is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against HarborOne Bank in any forum, action, or proceeding of any kind.

A Releasing Party may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees to be bound by the Agreement, including the releases set out in the Agreement.

16. **Payments to Class Members.** Within fourteen (14) days after Final Approval, the Settlement Administrator shall identify to HarborOne Bank the full amount of Settlement Class Member Payments, along with the amount of each Settlement Class Member Payments to be credited to Current Account Holders' Accounts.

Within thirty (30) days after the Effective Date, the Settlement Administrator shall pay Former Account Holders their Settlement Class Member Payments by check from the Escrow Account.

In the event that there is any residual in the Settlement Fund after the distributions required by the Agreement are completed, at the election of Class Counsel and counsel for HarborOne, the funds may be distributed to Settlement Class Members via a secondary distribution if economically feasible or through a residual *cy pres* organization, which will be an entity jointly agreed by the Parties and approved by the Court.

17. **Attorneys' Fees and Costs.** Class Counsel is awarded $291,637.50 in attorneys' fees (33.33% of the Settlement Fund). In addition, Class Counsel is awarded $21,450.66 in costs. Payments shall be made from the Settlement Fund to Class Counsel in accordance with the terms of the Settlement Agreement.

18. **Settlement Administration Costs.** The Court awards $56,206 to the Settlement Administrator in Settlement Administration Costs. Payment shall be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. **Service Award to Plaintiff.** The Court awards Plaintiff a service award in the amount of $5,000.00. Payment shall be made from the Settlement Fund within thirty (30) days of the Effective Date.

20. **Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over the Parties to the Agreement, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce the Agreement in accordance with its terms.

**NOW, THEREFORE,** the Court, finding that no reason exists for delay, hereby directs the Court to enter this Final Approval and Order forthwith.

**IT IS SO ORDERED.**

DATED: _____

HONORABLE ANGEL KELLEY
UNITED STATES DISTRICT JUDGE

6

## **CERTIFICATE OF SERVICE**

I, Patrick J. Sheehan, hereby certify that on this 11th day of October 2023, I caused a copy of the foregoing to be served electronically via CM/ECF upon the following counsel of record:

> Matthew G. Lindenbaum
> Nelson Mullins Riley & Scarborough LLP
> One Financial Center, Suite 3500
> Boston, Massachusetts 02111
> Matthew.lindenbaum@nelsonmullins.com

*/s/ Patrick J. Sheehan*
Patrick J. Sheehan